LEHAN, Judge.
Defendant appeals his convictions and sentence for having an illegal fuel system installed in the nose section of his 1977 Piper Navajo airplane in violation of section 330.40, Florida Statutes (1985), and tampering with evidence in violation of section 918.13, Florida Statutes (1985).
Section 330.40 provides in pertinent part: [I]t is unlawful ... to install, maintain, or possess any aircraft which has been equipped with, or had installed in its wings or fuselage, fuel tanks, bladders, drums, or other containers which will hold fuel if such fuel tanks, bladders, drums, or other containers do not conform to federal aviation regulations or have not been approved by the Federal Aviation Administration by inspection or special permit. This provision also includes any pipes, hoses, or auxiliary pumps which when present in the aircraft could be used to introduce fuel into the primary fuel system of the aircraft from such tanks, bladders, drums, or containers.
Section 918.13 provides in pertinent part:
(1) No person, knowing that a criminal trial or proceeding or an investigation by a duly constituted prosecuting authority, law enforcement agency, grand jury or legislative committee of this state is pending or is about to be instituted, shall:
(a) Alter, destroy, conceal, or remove any record, document, or thing with the purpose to impair its verity or availability in such proceeding or investigation;
[[Image here]]
Defendant contends (1) that section 330.-40 has been preempted by the Federal Aviation Act of 1958, which contains no criminal penalties; (2) that, because the information charging defendant with a violation of section 330.40 only contains a paraphrase of the provisions of that section and does not recite any applicable FAA regulation, defendant was not sufficiently advised of the charge; (3) the trial court erred in denying defendant’s motion to suppress evidence of the violation of section 330.40; (4) the evidence was insufficient to support defendant’s conviction of a violation of section 330.40; (5) the evidence was insufficient to support defendant’s conviction of a violation of section 918.13; and (6) the trial court's reasons for imposing a guidelines departure sentence were invalid.
Because we agree with defendant’s contention (4) and on that basis reverse the conviction for a violation of section 330.40, *1313 we need not and do not address defendant’s contentions (1), (2) and (3).
As to contention (4), a violation of section 330.40 does not exist unless aircraft fuel tanks, etc. referred to in that section either “do not conform to federal aviation regulations or have not been approved by the Federal Aviation Administration by inspection or special permit.” No violation of the first portion of that quotation from section 330.40 was established in this case because no such regulation was before the trial court. Nor has any such regulation been cited on appeal.[1] No violation of the second portion was established because the state failed to present competent evidence of the absence of a permit. The testimony in that regard of the mechanic who had installed in the nose of defendant’s plane, and thereafter removed, a fuel tank was that “possibly” a special flight permit or a permit to take the plane outside of the United States could have been obtained from the FAA and that he had not been asked to process an application for any such permit. There was testimony of a customs inspector to the effect that no such FAA permit had been issued. But defendant’s objection to that testimony on the grounds that the witness was not shown to have had any basis therefor should have been sustained. Thus we need not address the arguments of the parties as to whether additional testimony of the mechanic that he had inspection authorization from the FAA and that the fuel tank was not approved by, and could not have received the approval of, the FAA was competent evidence that the tank had not been approved by inspection within the meaning of section 330.40.
We disagree with defendant’s contention (5) as to the sufficiency of the evidence for his conviction of a violation of section 918.13 and affirm that conviction. There was testimony from the mechanic that he removed the nose tank from the plane at defendant’s direction so that the tank would not be seen at a forthcoming inspection by Polk County law enforcement authorities who had questions about the plane’s fuel system.
As to contention (6), we conclude that under the case law the trial court’s reasons for departing upward from the guidelines recommended sentence were invalid.
The conviction for the violation of section 330.40 is reversed. The conviction for the violation of section 918.13 is affirmed. The sentence is vacated and remanded for re-sentencing within the guidelines recommended range.
CAMPBELL, C.J., and SCHEB, J., concur.

. In that respect the state in its brief argues that the state “could have introduced” at trial an FAA regulation cited as 14 CFR section 91.167 (1987). However, that regulation apparently was not referred to at trial and, as it is quoted in the state’s brief, does not refer to what is described in section 330.40 as "fuel tanks, bladders, drums, or other containers which will hold fuel....” It only contains a prohibition against operating an aircraft after its maintenance, rebuilding or alteration without approval for its return to service. by an authorized person. While 14 CFR section 91.167 may apparently be violated by the operation of an aircraft the fuel tanks of which have been altered, if there is no FAA approval of the alteration, that regulation does not say what fuel tanks, bladders, drums or other containers would and would not conform to FAA requirements. This regulation, therefore, is not a regulation of the type referred to in section 330.40.