560 So.2d 1383 (1990)
Donald Andrew BOICE, Appellant,
v.
STATE of Florida, Appellee.
No. 88-02596.
District Court of Appeal of Florida, Second District.
May 11, 1990.
*1384 James Marion Moorman, Public Defender, and Megan Olson, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Michele Taylor, Asst. Atty. Gen., Tampa, for appellee.
ALTENBERND, Judge.
Mr. Boice appeals his convictions and sentences for purchase of cocaine and tampering with evidence. We affirm the conviction and sentence for the purchase of cocaine, but reverse the conviction and sentence for tampering with evidence.
At 6:45 p.m., on February 19, 1988, Mr. Boice stopped his car at an intersection in Winter Haven, Florida, and purchased a single rock of cocaine in a small bag from an undercover police officer. As soon as Mr. Boice completed the purchase, he was surrounded by uniformed officers in marked police cars. After the other officers arrived, the undercover officer observed Mr. Boice throw the bag of cocaine out the window of his car. One of the officers retrieved the bag from the roadway. The bag was near the door on the driver's side of Mr. Boice's car. The officer who retrieved the bag stated that he just looked on the ground and located the bag. There is no evidence that the cocaine had been altered or destroyed. After receiving his Miranda warnings, the defendant admitted that he had purchased the cocaine for his personal use.
Section 918.13, Florida Statutes (1987), states:
(1) No person, knowing that a criminal trial or proceeding or an investigation by a duly constituted prosecuting authority, law enforcement agency, grand jury or legislative committee of this state is pending or is about to be instituted, shall:
(a) Alter, destroy, conceal, or remove any record, document, or thing with the purpose to impair its verity or availability in such proceeding or investigation.
The defendant's act of tossing the small bag of cocaine away from his person while in the presence of the arresting officers at the scene of the purchase does not rise to the level of conduct which constitutes a concealment or removal of something for the purpose of impairing its availability for the criminal trial. In this case, the defendant did not conceal the cocaine. Although he removed the cocaine from his hand, he did not remove the cocaine from the immediate area of his arrest. Mr. Boice merely abandoned the evidence.
The statute must be construed most favorably to the accused. § 775.021(1), Fla. Stat. (1987). We do not attempt to define the extreme boundaries of "tampering" in this case. However, we do not believe that the legislature intended the simple act of abandoning a bag of crack cocaine at the scene of an arrest, in the clear sight of a law enforcement officer, to constitute the *1385 commission of this additional third-degree felony.[1] If the defendant's act in this case constituted tampering, then a nineteen-year-old who threw a can of beer from his car when stopped by a police officer would commit not only the second-degree misdemeanor of possession of alcoholic beverages,[2] but also the third-degree felony of tampering with evidence. We do not believe that the legislature intended an additional felony under such circumstances.
The defendant also appeals the judgment imposing costs and fees. Because the judgment was entered without notice and an opportunity to object, the assessment must be stricken without prejudice to the state to tax costs and fees against Mr. Boice after proper notice and hearing. Jenkins v. State, 444 So.2d 947 (Fla. 1984).
Affirmed in part, reversed in part, and remanded for proceedings consistent herewith.[3]
DANAHY, A.C.J., and HALL, J., concur.
NOTES
[1] See McNeil v. State, 438 So.2d 960 (Fla. 1st DCA 1983) (shredding signed waiver of rights form at police station does not establish the specific intent necessary to prove tampering with evidence); Cook v. State, 528 So.2d 1311 (Fla. 2d DCA 1988) (removing a questionable nose tank from an airplane in anticipation of law enforcement's inspection and in order to conceal the tank from law enforcement is tampering with evidence).
[2] § 562.111, Fla. Stat. (1987).
[3] The defendant received a sentence within the recommended guideline range for his purchase of cocaine conviction. Since that range is not altered by this opinion, we do not require resentencing on remand.