629 So.2d 263 (1993)
Melvin L. MUNROE, Appellant,
v.
STATE of Florida, Appellee.
No. 92-02213.
District Court of Appeal of Florida, Second District.
December 15, 1993.
*264 James Marion Moorman, Public Defender, and Tonja R. Vickers, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Dale E. Tarpley, Asst. Atty. Gen., Tampa, for appellee.
THREADGILL, Judge.
The appellant challenges his conviction and sentence for tampering with physical evidence on the ground that his actions did not constitute tampering within the meaning of section 918.13, Florida Statutes (1989). We reverse.
Following jury trial, the appellant was convicted and sentenced for possession of cocaine, tampering with physical evidence, resisting an officer with violence, and battery on a law enforcement officer. He challenges only the conviction and sentence for tampering with physical evidence.
At trial, the arresting officers testified that they observed the appellant standing in the street talking with another man while the man looked at a small white tube in the appellant's hand. When the appellant observed the officers, he walked away and stuffed his hand down his pants. The officers stopped the appellant and told him what they had observed. During a patdown of the appellant, one of the officers retrieved the tube, which appeared to contain crack cocaine, from the appellant's waistband. When the officer advised the appellant that he was under arrest, a struggle ensued and the officer lost his grip on the tube. The appellant grabbed the tube and threw it across the street. The tube and its contents, which tested positive for cocaine, were later retrieved by the officers.
Section 918.13 states:
(1) No person, knowing that a criminal trial or proceeding or an investigation by a duly constituted prosecuting authority, law enforcement agency, grand jury or legislative committee of this state is pending or is about to be instituted, shall: (a) Alter, destroy, conceal, or remove any record, document, or thing with the purpose to impair its verity or availability in such proceeding or investigation.
In Boice v. State, 560 So.2d 1383 (Fla. 2d DCA 1990), this court held that a defendant's act of tossing contraband away from his person while in the presence of arresting officers did not constitute a concealment or removal of the evidence for the purpose of impairing its availability for criminal trial, as contemplated by the legislature in section 918.13. See also Thomas v. State, 581 So.2d 993 (Fla. 2d DCA 1991); Jones v. State, 590 So.2d 982 (Fla. 1st DCA 1991).
The state attempts to distinguish these cases by noting that the appellant threw the tube across the street, approximately twenty to thirty feet away. The officers testified, however, that they were able to watch the tube from the time it left the appellant's hand, until it impacted on the street. As noted in Boice, we do not believe the legislature intended the act of tossing away contraband at the scene of an arrest, in the clear sight of a law enforcement officer, to constitute the offense of tampering with physical evidence. 560 So.2d at 1384. We therefore reverse the appellant's conviction and sentence for tampering with physical evidence.
Reversed.
HALL, A.C.J., and PARKER, J., concur.