666 So.2d 131 (1995)
STATE of Florida, Petitioner,
v.
Darrel JENNINGS, Respondent.
No. 84909.
Supreme Court of Florida.
October 19, 1995.
Rehearing Denied January 10, 1996.
*132 Robert A. Butterworth, Attorney General and Consuelo Maingot, Assistant Attorney General, Miami, for Petitioner.
Bennett H. Brummer, Public Defender and Louis Campbell, Assistant Public Defender, Miami, for Respondent.
GRIMES, Chief Justice.
We have for review State v. Jennings, 647 So.2d 294, 295 (Fla. 3d DCA 1994), wherein the district court of appeal certified conflict with Hayes v. State, 634 So.2d 1153 (Fla. 4th DCA), review denied, 645 So.2d 452 (Fla. 1994). We have jurisdiction pursuant to article V, section 3(b)(4) of the Florida Constitution.
Jennings was charged with tampering with physical evidence in violation of section 918.13, Florida Statutes (1993).[1] Section 918.13 provides, in pertinent part:
(1) No person, knowing that a criminal trial or proceeding or an investigation by a duly constituted prosecuting authority, law enforcement agency, grand jury or legislative committee of this state is pending or is about to be instituted, shall:
(a) Alter, destroy, conceal, or remove any record, document, or thing with the purpose to impair its verity or availability in such proceedings or investigation[.]
Jennings filed a motion to dismiss pursuant to Florida Rule of Criminal Procedure 3.190(c)(4). In that motion, Jennings asserted the following facts. With the aid of binoculars, law enforcement officers observed Jennings holding what they believed was a marijuana cigarette. As one of the officers approached Jennings, he also observed what he believed to be loose cocaine rocks in one of Jennings' hands. The officer shouted "police!" At that point, Jennings tossed the alleged cocaine rocks into his mouth and swallowed them. Jennings began to choke and the officer took hold of the rear of Jennings' pants. Jennings broke away and took several steps before he was arrested. The objects Jennings swallowed were never recovered.
The State did not file a traverse contesting the facts alleged by Jennings. Consequently, the facts as alleged were deemed admitted. See Fla.R.Crim.P. 3.190(d). The trial court granted Jennings' motion, concluding that "the act of swallowing suspect cocaine rocks, does not rise to the level of conduct which constitutes concealment, removal, destruction, or alteration of something for the purpose of impairing it's [sic] availability for trial under Florida Statute 918.13."
The district court of appeal affirmed on different grounds, concluding that Jennings "did not tamper with evidence because he was neither under arrest nor did he know that a law enforcement officer was about to instigate an investigation." Jennings, 647 So.2d at 295. The court concluded that Jennings was not under arrest because the arresting officer had not even reached Jennings before Jennings put the alleged cocaine rocks into his mouth. Moreover, the court found that shouting "police," without more, was insufficient to establish that Jennings knew an investigation was about to be instituted.
*133 Relying on Boice v. State, 560 So.2d 1383 (Fla. 2d DCA 1990), and its progeny, the trial court concluded that swallowing alleged contraband in the presence of officers does not constitute altering, destroying, concealing, or removing a "thing" within the meaning of section 918.13. In Boice, the court concluded that
[t]he defendant's act of tossing the small bag of cocaine away from his person while in the presence of the arresting officers at the scene of the purchase does not rise to the level of conduct which constitutes a concealment or removal of something for the purpose of impairing its availability for the criminal trial. In this case, the defendant did not conceal the cocaine. Although he removed the cocaine from his hand, he did not remove the cocaine from the immediate area of his interest. Mr. Boice merely abandoned the evidence.
Id. at 1384. In Munroe v. State, 629 So.2d 263, 264 (Fla. 2d DCA 1993), Jones v. State, 590 So.2d 982, 983 (Fla. 1st DCA 1991), and Thomas v. State, 581 So.2d 993, 994 (Fla. 2d DCA 1991), the courts relied on Boice for the proposition that tossing evidence away in the presence of a law enforcement officer does not constitute tampering under section 918.13. But see Hayes v. State, 634 So.2d 1153, 1154 (Fla. 4th DCA) (affirming tampering conviction where defendant dropped bag of rock cocaine into drainage outlet while being pursued by law enforcement officer), review denied, 645 So.2d 452 (Fla. 1994).
We disagree with Boice to the extent it can be read to mean that tossing evidence away in the presence of a law enforcement officer does not, as a matter of law, constitute a violation of the statute. Depending upon the circumstances, such an act could amount to tampering or concealing evidence. An affirmative act of throwing evidence away constitutes more than mere abandonment. We conclude that the trial court's ruling is rooted in an overly broad reading of Boice and find that swallowing an object clearly constitutes altering, destroying, concealing, or removing a "thing" within the meaning of section 918.13. See McKinney v. State, 640 So.2d 1183, 1186 (Fla. 2d DCA 1994) (concluding that if jury found defendant tried to swallow cocaine to impair its availability for criminal investigation, proceeding, or trial, jury could find defendant guilty of attempted tampering); McKenzie v. State, 632 So.2d 276, 277 (Fla. 4th DCA 1994) (concluding that "[s]wallowing a substance such as this surely constitutes an intent to `alter, destroy, conceal, or remove' as clear as any act could, including flushing it down a toilet").
We must next consider whether the fact that the officer shouted "police" was sufficient to establish that Jennings knew an investigation was about to be instituted and swallowed the alleged rock cocaine in order to impair its availability for a criminal investigation, proceeding, or trial.[2] The district court of appeal concluded that shouting "police" was insufficient, as a matter of law, to put Jennings on notice that he was about to be investigated for the possession of illegal drugs. We disagree.
Jennings was observed holding what appeared to be rock cocaine. As soon as a law enforcement officer shouted "police," Jennings swallowed the alleged rock cocaine.[3] In State v. Book, 523 So.2d 636 (Fla. 3d DCA), review denied, 534 So.2d 398 (Fla. 1988), the court recognized that
"[t]he motion to dismiss in criminal practice is similar in many respects to the summary judgment in civil proceedings. The motion should be granted only where the most favorable construction of the facts to the state does not establish a prima facie case of guilt. If there is any evidence *134 upon which a jury of reasonable men could convict, the court should deny the motion."
Id. at 637 (quoting State v. McCray, 387 So.2d 559, 561 (Fla. 2d DCA 1980)) (citations and footnote omitted). Reasonable persons could differ as to whether Jennings possessed the requisite knowledge under section 918.13. Consequently, we cannot say that the evidence is such that a trier of fact would be precluded, as a matter of law, from finding that Jennings knew an investigation was about to be commenced when he swallowed the alleged contraband.
Accordingly, we quash the decision below and remand for further proceedings. Additionally, we disapprove of Munroe v. State, 629 So.2d 263 (Fla. 2d DCA 1993); Jones v. State, 590 So.2d 982 (Fla. 1st DCA 1991); Thomas v. State, 581 So.2d 993 (Fla. 2d DCA 1991); and Boice v. State, 560 So.2d 1383 (Fla. 2d DCA 1990), to the extent those decisions conflict with our decision herein. We approve of Hayes v. State, 634 So.2d 1153 (Fla. 4th DCA), review denied, 645 So.2d 452 (Fla. 1994), to the extent it is consistent with our decision herein.
It is so ordered.
OVERTON, SHAW, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.
NOTES
[1] Jennings was charged with two additional counts which are not the subject of this review.
[2] We agree with the district court of appeal that Jennings was not under arrest at the time he swallowed the alleged cocaine rocks.
[3] The objects Jennings swallowed were never recovered. Consequently, aside from the officer's observations, there is no proof that the objects Jennings swallowed were cocaine rocks. However, it is immaterial whether the objects he swallowed were, in fact, contraband. Section 918.13 proscribes the altering, destroying, concealing or removing of "any record, document, or thing." (Emphasis added.) Jennings can be found guilty of tampering under section 918.13 if a trier of fact finds that Jennings knew an investigation was about to begin and destroyed objects which he knew were the focus of the impending investigation.