SHAHOOD, J.
Appellant, C.K., seeks review of the Delinquency Disposition Order adjudicating him guilty, of violating section 918.13(l)(a), Florida Statutes, tampering with or fabricating physical evidence. Because appel-lee, State of Florida, did not prove that appellant knew a criminal investigation was about to take place, we reverse and remand with directions that appellant be discharged as to this charge.
In this case, the state’s only witness at the adjudicatory hearing was Officer Charles Sierra. He testified that while on patrol in plain clothes and in an unmarked car with Officer Hayes, Officer Sierra noticed an individual who fit a description which had been given to the officers earlier by an anonymous source. As Officer Sierra parked the car, Officer Hayes approached the individual, whom Officer Sierra identified in court as C.K, and another male. C.K. “had his hand in a cupped motion and he put it to his mouth,” and began to run. Officer Sierra immediately exited the patrol car and he and Officer Hayes began chasing C.K. Officer Sierra testified that he was not wearing a police uniform, but was wearing a black “raid” shirt with “police” written across the top and had his badge attached to his belt. He did not describe Officer Hayes’ attire.
On cross examination, Officer Sierra stated that, as they approached C.K. and the other male, the officers did not identify themselves as police officers, but only said, “come here.” Officer Sierra also acknowledged that, because he was still in the car, he did not, first hand, observe C.K. put his hand towards his mouth. He only caught *618 a quick glimpse of C.K. making a small waving motion.
At the close of Officer Sierra’s testimony, C.K. moved for judgment of acquittal. Defense argued that the state had not proved that C.K. knew that a criminal investigation was about to take place, as required by State v. Jennings, 666 So.2d 131 (Fla.1995), because the officers appeared in an unmarked vehicle, were not wearing uniforms, and did not announce that they were police officers. The court denied the motion.
On appeal, C.K. argues that he is entitled to a judgment of acquittal because the state failed to prove (1) that he had knowledge that an investigation was about to take place, and (2)that he altered, destroyed, concealed, or removed anything. We agree.
Section 918.13(l)(a), Florida Statutes (1997) states in pertinent part,
(1) No person, knowing that a criminal ... investigation by a ... law enforcement agency, ... is pending or is about to be instituted, shall:
(a) Alter, destroy, conceal, or remove any record, document, or thing with the purpose to impair its verity or availability in such ... investigation;
In order to prove the offense, the state must show that the defendant had knowledge of an impending investigation and destroyed evidence in order to impair its availability for the investigation. See State v. Jennings, 666 So.2d 131, 132 (Fla.1995).
In Jennings, the officers, using binoculars, observed Jennings holding what they believed was a marijuana cigarette. Id. at 131. As one of the officers approached Jennings, the officer observed what he believed to be loose cocaine rocks in Jennings’ hands. Id. When the officer shouted, “police!”, Jennings put the alleged cocaine rocks into his mouth and swallowed them; they were never recovered. Id. In analyzing whether the state had proved that Jennings had tampered with physical evidence in violation of section 918.13, the supreme court held that “swallowing an object clearly constitutes altering, destroying, concealing or removing a ‘thing’ within the meaning of section 918.13.” Id. at 132 (disapproving Boice v. State, 560 So.2d 1383, 1384 (Fla. 2d DCA 1990))(holding that swallowing alleged contraband did not “rise to the level of conduct which constitutes a concealment or removal of something for the purpose of impairing its availability for the criminal trial,” and approving McKinney v. State, 640 So.2d 1183, 1186 (Fla. 2d DCA 1994)) and McKenzie v. State, 632 So.2d 276, 277 (Fla. 4th DCA 1994)(concluding that swallowing a substance which appeared to be cocaine surely constituted an intent to alter or destroy or conceal it).
The facts in this case are substantially distinguishable from those in Jennings. First, here, the officers did not identify themselves as police, and they were traveling in an unmarked car. Moreover, Officer Sierra testified only about his own clothing; there was no testimony about the clothing worn by Officer Hayes, the person who initially approached C.K. and caused him to run. The officers did nothing to advise C.K. that they were law enforcement officers. Thus, there is no evidence which could lead to a conclusion that C.K. knew of a pending criminal investigation.
In addition to failing to establish C.K’s knowledge of an impending criminal investigation, the state has likewise not met the second element of its burden of proof since there was no evidence that C.K. concealed or destroyed any “thing.” The only evidence in this case in that regard was that Officer Sierra, who was several feet away parking the car, caught a “quick glimpse” of C.K. making a “small waving motion.” Officer Sierra admitted that he did not observe, first hand, C.K. make a cupping motion and put something in his mouth. Under these circumstances, the state has not proved that there was any “thing” which C.K. intended to, or did, conceal or destroy.
*619 Based on the foregoing, we reverse and remand with directions that the charge of tampering with or fabricating physical evidence be dismissed as to appellant.
Reversed and Remanded.
STEVENSON and GROSS, JJ., concur.