800 So.2d 708 (2001)
STATE of Florida, Appellant,
v.
Jonathan HARPER, Appellee.
No. 5D01-819.
District Court of Appeal of Florida, Fifth District.
November 30, 2001.
Robert A. Butterworth, Attorney General, Tallahassee, and Lori N. Hagan, Assistant Attorney General, Daytona Beach, for Appellant.
David Allen Buck of Law Office of David Allen Buck, Spring Hill, for Appellee.
PALMER, J.
The State appeals the final order entered by the trial court dismissing a tampering charge filed against Jonathan Harper.[1] Concluding that the trial court's ruling was dependent upon case law which was subsequently disapproved by the Florida Supreme Court, we reverse.
Harper was arrested on charges of tampering with evidence based upon alleged instructions he gave to a passenger in his vehicle to throw marijuana and a marijuana pipe out the window while a traffic stop was being conducted. Harper filed a motion to dismiss the tampering charge pursuant to rule 3.190(b) of the Florida Rules of Criminal Procedure contending that the facts alleged in the information did not establish a prima facie case of guilt. To support his motion, Harper cited to Thomas v. State, 581 So.2d 993 (Fla. 2d DCA 1991), Jones v. State, 590 So.2d 982 (Fla. 1st DCA 1991), and Munroe v. State, 629 So.2d 263 (Fla. 2d DCA 1993), all of which cited to Boice v. State, 560 So.2d 1383 (Fla. 2d DCA 1990) for the holding that the act of tossing drugs away in clear view of a law enforcement officer does not constitute the crime of tampering. The trial court granted Harper's motion, stating that his prosecution for tampering was governed by the holding in Boice, and further citing to Jones, Thomas, and Munroe.
However, all four of these cases were disapproved by the Florida Supreme Court in State v. Jennings, 666 So.2d 131, 133 (Fla.1995):
We disagree with Boice to the extent it can be read to mean that tossing evidence away in the presence of a law enforcement officer does not, as a matter of law, constitute a violation of the statute. Depending upon the circumstances, such an act could amount to tampering or concealing evidence. An affirmative act of throwing evidence away constitutes more than mere abandonment.
The Jennings Court also made an express mention of the rulings in Munroe, Jones, and Thomas:
Accordingly, we quash the decision below and remand for further proceedings. Additionally, we disapprove of Munroe v. State, 629 So.2d 263 (Fla. 2d DCA 1993); Jones v. State, 590 So.2d 982 (Fla. 1st DCA 1991); Thomas v. State, 581 So.2d 993 (Fla. 2d DCA 1991); and Boice v. State, 560 So.2d 1383 (Fla. 2d DCA 1990), to the extent those decisions conflict with our decision therein.
Id. at 134.
Accordingly, the trial court's order granting Harper's motion to dismiss is reversed *709 and this matter is remanded for further proceedings.
REVERSED and REMANDED.
THOMPSON, C.J., and ORFINGER, R.B., J., concur.
NOTES
[1] § 918.13(1)(a), Fla. Stat. (1999).