935 So.2d 38 (2006)
Phillip OBAS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D05-1088.
District Court of Appeal of Florida, Fourth District.
July 12, 2006.
Rehearing Denied August 28, 2006.
Carey Haughwout, Public Defender, and Ian Seldin, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Daniel P. Hyndman, Assistant Attorney General, West Palm Beach, for appellee.
KLEIN, J.
Defendant was convicted of tampering with evidence because, as an officer was about to stop defendant, who was on a bicycle, defendant opened a container, dropped cocaine rocks on the ground, and tossed the container five feet. The court should have granted his motion for judgment of acquittal.
One officer testified that, after seeing defendant interact with another man and manipulate something with his hands, he decided to stop defendant for not having a light on his bicycle. A second officer who was with the first officer, while they were driving parallel with defendant, saw defendant use his left hand to "tumble out" rock like substances. After they ordered defendant to stop, the officer saw defendant toss a pill container a distance of approximately five feet. After retrieving the pill container, the officer found six pieces of cocaine rock and the cap to the container between the grass and the sidewalk, where the officer had seen appellant drop them while riding his bicycle.
Tampering with evidence is defined in section 918.13(1), Florida Statutes (2004) as follows:

*39 No person, knowing that a criminal trial or proceeding or an investigation by a duly constituted prosecuting authority, law enforcement agency, grand jury or legislative committee of this state is pending or is about to be instituted, shall:
(a) Alter, destroy, conceal, or remove any record, document, or thing with the purpose to impair its verity or availability in such proceeding or investigation;
In Boice v. State, 560 So.2d 1383 (Fla. 2d DCA 1990), it was held that tossing away a small bag of cocaine, while in the presence of arresting officers at the scene of a sale, did not violate the tampering statute, but was merely abandonment of evidence. Boice, however, was criticized by our supreme court in State v. Jennings, 666 So.2d 131 (Fla.1995), in which the defendant swallowed cocaine rocks which were never recovered. In holding that swallowing could constitute tampering, the supreme court explained that it disagreed with Boice:
to the extent it can be read to mean that tossing evidence away in the presence of a law enforcement officer does not, as a matter of law, constitute a violation of the statute. Depending upon the circumstances, such an act could amount to tampering or concealing evidence. An affirmative act of throwing evidence away constitutes more than mere abandonment. We conclude that the trial court's ruling is rooted in an overly broad reading of Boice and find that swallowing an object clearly constitutes altering, destroying, concealing, or removing a "thing" within the meaning of section 918.13.
Jennings, 666 So.2d at 133.
Shortly after our supreme court decided Jennings, the state appealed a trial court order dismissing a tampering charge in State v. Harper, 800 So.2d 708 (Fla. 5th DCA 2001), in which the trial court had followed Boice. In Harper the defendant, during a traffic stop, instructed a passenger in his vehicle to throw drugs and paraphernalia out the window. The opinion does not state whether the evidence was recovered, but merely reverses because the trial court had relied on Boice, and Boice had been criticized in Jennings.
In Jennings, as the quote indicates, our supreme court did not hold that tossing evidence is always tampering. It simply held that the Boice court was wrong to the extent it held that tossing evidence away cannot constitute tampering as a matter of law. Each case, accordingly, must be decided on its facts.
We are unable, on these facts, to accept the state's argument that defendant violated the statute. If defendant had dropped or thrown the items so that they could not have been retrieved, it would be another matter, like swallowing. In this case, however, where he merely dropped the cocaine rocks and tossed the container on the ground, and both were easily found, the evidence was insufficient. Otherwise a tampering conviction could be obtained whenever a suspect merely drops drugs on the ground.
Reversed.
WARNER and GROSS, JJ., concur.