996 So.2d 256 (2008)
Michael Richard ANDERSON, Appellant,
v.
STATE of Florida, Appellee.
No. 1D08-1243.
District Court of Appeal of Florida, First District.
December 12, 2008.
*257 Michael R. Rollo of Michael R. Rollo, P.A., Pensacola, for Appellant.
Bill McCollum, Attorney General, and Charlie McCoy, Senior Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant was charged by a one-count information with tampering with evidence in violation of section 918.13(1)(a), Florida Statutes (2007). Following a trial, the jury returned a verdict of guilty of attempted tampering with evidence. For purposes of this case, the elements of the offense of tampering with evidence are that (1) "knowing that ... an investigation by a... law enforcement agency ... is pending or is about to be instituted," (2) appellant "destroy[ed], conceal[ed], or remove[ed] any ... thing with the purpose to impair its ... availability in such ... investigation." See § 918.13(1)(a), Fla. Stat. Viewed in a light most favorable to the State, the evidence established that a uniformed officer of the City of Pensacola Police Department came upon appellant in a public restroom sometime between two and three o'clock in the morning. Appellant immediately put his hands behind his back. The officer told appellant to walk toward him and show his hands. Instead, appellant threw what he had in his hands into a urinal. This was sufficient to establish a prima facie case that appellant attempted (albeit unsuccessfully) to destroy, conceal, or remove what he had in his hands, knowing that the police officer had commenced (or was about to commence) an investigation. In light of the nature of appellant's action and that it occurred immediately after receiving the police officer's order, a reasonable jury could conclude the action was done with the purpose to impair the object's ability to be used in the officer's investigation. Thus, the trial court correctly denied appellant's motion for judgment of acquittal. The fact that the substance turned out not to be crack cocaine (or any other contraband) is irrelevant.
While we might well agree that prosecuting this case was silly (and a waste of limited resources), that is also irrelevant because such decisions are the state attorney's to make.
AFFIRMED.
WOLF and WEBSTER, JJ., concur; BROWNING, C.J., dissents with opinion.
BROWNING, C.J., dissents.
I dissent, as I do not believe that Appellant's actions constitute an attempt. An attempt involves an overt act beyond the point of preparation, and the act must reach far enough that it can be said: "There must be some appreciable fragment of the crime committed and it must be in such progress that it would be consummated unless interrupted by circumstances independent of the will of [Appellant]." See Groneau v. State, 201 So.2d 599, 603 (Fla. 4th DCA 1967). Had Appellant tried to flush the urinal or placed the substance in his mouth to swallow, but failed, an attempt would have occurred, but that is not the case. See McKinney v. State, 640 So.2d 1183 (Fla. 2d DCA 1994); McKenzie v. State, 632 So.2d 276, 277 (Fla. 4th DCA 1994). Appellant's only "offense" is failure to obey a police officer.
I do agree with the majority opinion that "prosecuting this case [might be] silly." Surely, there are more serious matters that deserve the attention of law enforcement.
I would reverse and order Appellant's discharge from the five-year criminal sanction imposed by the trial court.