997 So.2d 1281 (2009)
Kenneth Earl EVANS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D08-1790.
District Court of Appeal of Florida, Fourth District.
January 14, 2009.
*1282 Carey Haughwout, Public Defender, and Tatjana Ostapoff, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and James J. Carney, Assistant Attorney General, West Palm Beach, for appellee.
BLANC, PETER D., Associate Judge.
Appellant, Kenneth Earl Evans, purchased a crack cocaine rock from an undercover police officer on November 16, 2007. Shortly after the sale was concluded, a takedown signal was issued. Immediately, the Appellant was approached by police officers in uniforms with the word "Police" marked in white on their black shirts. At least one officer yelled "police" as the officers approached. Appellant had something in his hand which he threw to the ground. Believing that the object in Appellant's hand was the crack cocaine rock the Appellant had just purchased, the officers searched the immediate area in an effort to find it. However, the ground in the area was all sand and, as a consequence, the officers were unable to recover the object.
The case was tried by jury. At the conclusion of the State's case and again when the defense rested, defense counsel moved for a judgment of acquittal on the charge of tampering with evidence. The trial judge denied the motion finding that it was a question of fact for the jury. Review of the case law on this subject establishes that there was insufficient evidence to allow the charge of tampering with evidence to go to the jury.
In Boice v. State, 560 So.2d 1383 (Fla. 2d DCA 1990), upon the completion of a purchase of a single rock of cocaine in a small bag from an undercover police officer, the defendant, Boice, was surrounded by uniformed officers while sitting in his car. The undercover officer then observed Boice throw the bag of cocaine out the window of the car. One of the officers retrieved the bag from the roadway near the door on the driver's side of Boice's vehicle. The officer stated he just looked on the ground and located the bag. Boice was convicted of tampering with evidence, but the appellate court reversed the conviction stating:
In this case, the defendant did not conceal the cocaine. Although he removed the cocaine from his hand, he did not remove the cocaine from the immediate area of his arrest. Mr. Boice merely abandoned the evidence.
The statute must be construed most favorably to the accused. § 775.021, Fla. Stat. (1987). We do not attempt to define the extreme boundaries of "tampering" in this case. However, we do not believe that the legislature intended the simple act of abandoning a bag of crack *1283 cocaine at the scene of an arrest, in the clear sight of a law enforcement officer, to constitute the commission of this additional third degree felony.
Id. at 1384-85.
However, in Hayes v. State, 634 So.2d 1153 (Fla. 4th DCA 1994), the appellate court upheld a tampering with evidence conviction for Hayes who, while being pursued by police officers attempting to arrest him, pulled a baggie containing crack cocaine out of his pants and dropped it into a drainage outlet.
More recently, the Florida Supreme Court in State v. Jennings, 666 So.2d 131 (Fla.1996), reversed a trial court order which granted a sworn motion to dismiss a charge of tampering with evidence. The trial court which granted Jennings' motion concluded that "the act of swallowing suspect cocaine rocks, does not rise to the level of conduct which constitutes concealment, removal, destruction, or alteration of something for the purpose of impairing its availability for trial under Florida Statute 918.13." Id. at 132. The trial court relied on Boice in granting the motion.
The supreme court, reversing the trial court, went on to say:
We disagree with Boice to the extent it can be read to mean that tossing evidence away in the presence of a law enforcement officer does not, as a matter of law, constitute a violation of the statute. Depending upon the circumstances, such an act could amount to tampering or concealing evidence.
Id. at 133.
It is important to note that the supreme court did not overrule the Boice decision, but simply found that it had been given an overly broad reading by the trial court in Jennings when it granted the defendant's motion to dismiss.
In this case, the only evidence at trial supporting the charge of tampering with evidence came from two of the arresting officers. The first officer testified as follows:
Q: And you mentioned that you witnessed the defendant throw an item?
A: Yes.
Q: Okay. Um, did you see where he threw it to?
A: He threw it to the ground. As we were approaching we were like get on the ground, get on the ground, and that's when he made the motion and it went to the ground. And it wasthe ground there was actually all sand so itit waswewe tried to recover but we weren't able to recover the crack cocaine rock.
Q: And howhow big generally is crack cocaine rocks?
A: They're very small. I would say aboutabout the size here. It's very small.
The second officer testified as follows:
Q: Okay. And after these individuals began to approach the defendant with these uniforms on, what did the defendant do with that crack rock?
A: He threw the crack down or threw it somewhere. We never did recover it.
Q: Okay. And um you were standing right there, right?
A: Right.
Q: Okay. Where did he throw? I mean did you even see? He just threw it and
A: I didn'tI didn't see the motion of his hand, whether he threw it or whether he dropped it right there. I didn't see the motion, no, ma'am.

*1284 Q: Okay. Were you able to recover this crack cocaine?
A: No, we wasn't.
The only evidence presented to the jury was that the defendant either threw or dropped the cocaine rock in the sand and the officers were unable to find it thereafter. Without further evidence of specific intent to tamper with or conceal the evidence, the only additional circumstance that the jury could consider is the fact that the defendant happened to be on sand at the time he threw or dropped the rock. To convict without more penalizes the defendant for the type of surface upon which he was standing at the time of his arrest. Therefore, the lack of other circumstances in this record leads to the conclusion that, even in the light most favorable to the State, the evidence is insufficient to find anything more than mere abandonment. Accordingly, we reverse the decision below on the defense motion for judgment of acquittal on the charge of tampering with evidence and remand to the trial court with direction to grant the aforesaid motion.
TAYLOR and HAZOURI, JJ., concur.