25 So.3d 625 (2009)
E.I., Appellant,
v.
STATE of Florida, Appellee.
No. 2D08-4971.
District Court of Appeal of Florida, Second District.
December 30, 2009.
*626 James Marion Moorman, Public Defender, and Judith Ellis, Assistant Public Defender, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Susan D. Dunlevy, Assistant Attorney General, Tampa, for Appellee.
VILLANTI, Judge.
E.I. appeals his adjudication of delinquency and resulting sentence for one count of attempted tampering with physical evidence, contending that his statements to police should have been suppressed and that his motion for judgment of dismissal should have been granted because the State did not present a prima facie case of attempted tampering. We agree that the State did not present a prima facie case of attempted tampering. Therefore, we reverse E.I.'s adjudication and sentence and remand for discharge.
The evidence presented at E.I.'s adjudicatory hearing established that E.I. was a passenger in a pickup truck that was being driven in Plant City after midnight on June 13, 2008. Plant City police officer Ernest Ward had just completed a traffic stop on another vehicle when he noticed the pickup truck drive by and saw that its tag light was not working. Officer Ward decided to stop the pickup truck for this traffic infraction.
Officer Ward pulled directly behind the pickup truck and activated his lights and siren. As the truck pulled into a gas station and started to slow down, Officer Ward saw E.I. throw an item out of the passenger window. After the truck stopped, Officer Ward located the item that had been thrown because it was clearly visible on the hard surface of the gas station parking lot. The recovered item was a package containing three small baggies that each contained a substance that field-tested positive as methamphetamine.
In a post-Miranda[1] statement, E.I. told the police that when Officer Ward pulled in behind the pickup truck, the driver of the truck removed the package of methamphetamine from his pocket, handed it to E.I., and told E.I. he didn't want the police to find the package. At the driver's direction, E.I. threw the package out the truck window. E.I. made no statements about his intent in throwing the package.
E.I. was not charged with possession of the methamphetamine; instead, he was charged with attempted tampering with evidence pursuant to section 918.13, Florida Statutes (2008), and section 777.04(1), Florida Statutes (2008). Section 918.13 provides, in pertinent part:

*627 (1) No person, knowing that a criminal trial or proceeding or an investigation by a duly constituted prosecuting authority, law enforcement agency, grand jury or legislative committee of this state is pending or is about to be instituted, shall:

(a) Alter, destroy, conceal, or remove any record, document, or thing with the purpose to impair its verity or availability in such proceeding or investigation[.]
(Emphasis added.) Section 777.04(1) provides that a person attempts to commit a crime when the person "does any act toward the commission of such offense, but fails in the perpetration."
In interpreting the tampering statute, this court has held that the simple act of throwing a bag of cocaine out of a car window is generally not sufficient to constitute the offense of tampering with evidence. See Boice v. State, 560 So.2d 1383, 1384 (Fla. 2d DCA 1990). There, this court noted that the act of tossing away the baggie in plain view of the officers did not conceal the cocaine. Id. And while Boice had removed the cocaine from his hand, he had not removed it from the immediate area of his arrest. Id. Thus, this court stated that it did "not believe that the legislature intended the simple act of abandoning a bag of crack cocaine at the scene of an arrest, in the clear sight of a law enforcement officer, to constitute the commission of this additional third-degree felony." Id. at 1384-85.
Under the reasoning of Boice, E.I.'s act of tossing the driver's package of methamphetamine out the windowas if engaged in an illicit game of "hot potato"in the clear sight of Officer Ward would not constitute attempted tampering. While E.I. was clearly trying to disassociate himself from the package, there is nothing about this act under the circumstances presented here that shows that E.I. was trying to alter, destroy, or conceal the package. Further, while E.I. did remove the package from his hand, he did not remove it from the scene of the traffic stop. Thus, this act was factually and legally nothing more than abandonment, and the trial court should have granted E.I.'s motion for judgment of dismissal.
As the State correctly points out on appeal, the supreme court criticized this court's Boice opinion in State v. Jennings, 666 So.2d 131, 133 (Fla.1995). However, the supreme court did not overrule Boice. Instead, the court stated that it disagreed with Boice only "to the extent it can be read to mean that tossing evidence away in the presence of a law enforcement officer does not, as a matter of law, constitute a violation of the statute." Id. Instead, the supreme court held that whether such an act amounts to tampering or attempted tampering will depend on all of the circumstances. Id. However, the court did not discuss what those circumstances might be.
In examining both Jennings and pre- and post-Jennings cases, it appears that the offense of tampering is committed only when the defendant takes some action that is designed to actually alter or destroy the evidence rather than just removing it from his or her person. For example, in Jennings, the defendant put cocaine rocks into his mouth and swallowed them. Id. at 132. The rocks were never recovered. Id. Thus, the evidence was, in fact, destroyed and not available, and this act could constitute tampering with evidence. Id. at 133 ("[S]wallowing an object clearly constitutes altering, destroying, concealing, or removing a `thing' . . . ."); see also A.D.J. v. State, 813 So.2d 127 (Fla. 5th DCA 2002) (affirming conviction for tampering based on defendant's act of swallowing the drugs). Because swallowing an item can *628 constitute tampering, attempting to swallow an item can constitute attempted tampering. See, e.g., Morris v. State, 989 So.2d 753, 754 (Fla. 2d DCA 2008); A.F. v. State, 850 So.2d 667 (Fla. 4th DCA 2003).
Similarly, in Hayes v. State, 634 So.2d 1153, 1154 (Fla. 4th DCA 1994), the defendant dropped a baggie of cocaine into a drainage outlet as he was fleeing from police. The court found that this action was affirmatively intended to destroy or alter the evidence itself and thus could support a conviction for tampering. Id.; see also Anderson v. State, 996 So.2d 256 (Fla. 1st DCA 2008) (holding that defendant's act of throwing substance into a urinal could support a conviction for attempted tampering with evidence); McKenzie v. State, 632 So.2d 276 (Fla. 4th DCA 1994) (noting in passing that flushing drugs down a toilet could constitute tampering with evidence).
In contrast, in Evans v. State, 997 So.2d 1281 (Fla. 4th DCA 2009), and Obas v. State, 935 So.2d 38 (Fla. 4th DCA 2006), the defendants threw items onto the ground as officers approached for a stop. In Obas, the Fourth District noted that Jennings had not overruled Boice but had simply held that Boice was wrong "to the extent it held that tossing evidence away cannot constitute tampering as a matter of law." Obas, 935 So.2d at 39. The Fourth District noted that each case must be decided on its own facts, and there must be some evidence of a specific intent to alter, destroy, or conceal the evidence. Evans, 997 So.2d at 1284. In the absence of such evidence, the State proves only abandonment, not tampering. Id.
The State relies primarily on State v. Harper, 800 So.2d 708 (Fla. 5th DCA 2001), arguing that its facts are indistinguishable from those in this case and that its holding mandates affirmance here. In that case, Harper was the driver of a vehicle that was stopped for a traffic infraction. Id. As Harper slowed for the stop, he handed marijuana and a marijuana pipe to his passenger and instructed the passenger to throw both items out the window. Id. After the State charged Harper with tampering, Harper moved to dismiss the charge, arguing that the information did not allege a prima facie case of guilt. Id. The trial court granted the motion to dismiss based largely on Boice, but the Fifth District reversed, noting that Boice was not controlling in light of Jennings.
The State's reliance on Harper to support an affirmance in this case is misplaced for two reasons. First, Harper involved a motion to dismiss rather than a motion for judgment of dismissal. To the extent that a defendant's intent is relevant to the issue of whether a specific act constituted tampering, that intent is not properly resolved on a motion to dismiss. See, e.g., State v. Jenkins, 522 So.2d 890, 890 (Fla. 2d DCA 1988) (holding that intent is not ordinarily determined on a motion to dismiss); State v. Arnal, 941 So.2d 556, 559 (Fla. 3d DCA 2006) (same); State v. Atkinson, 490 So.2d 1363 (Fla. 5th DCA 1986) (same). Here, however, E.I. did not raise the issue in a motion to dismiss but rather in a motion for judgment of dismissal at the close of the State's case. At that point, the issue of whether the State had presented sufficient evidence to establish E.I.'s intent was properly before the trial court.
Second, Harper was the driver who gave the instructions to his passenger to dispose of the evidence. Harper's statements about disposing of the evidence provided some evidence of his intent to destroy or conceal that evidence. In contrast, E.I. in this case was the passenger who was given instructions by the driver. E.I.'s intent cannot be inferred from the statements of *629 the driver. Thus, the decision in Harper does not control the outcome here.
When considered in light of all of these cases, it is clear that E.I.'s adjudication for attempted tampering must be reversed. The most that can fairly be determined from the facts is that E.I. followed the driver's instructions and attempted to abandon the methamphetamine in plain view of the officers. The State presented no evidence that E.I. intended to alter or destroy the methamphetamine. While the State's evidence might arguably show that the driver of the pickup truck intended to conceal the methamphetamine, the State presented no evidence that E.I. shared this intent. In the absence of such evidence, the State failed to present a prima facie case of attempted tampering.
When the State does "not present sufficient evidence to establish a prima facie case of the crime charged, then a judgment of dismissal is proper." E.A.B. v. State, 851 So.2d 308, 310 (Fla. 2d DCA 2003). Here, because the State did not present a prima facie case of attempted tampering, E.I.'s motion for judgment of dismissal should have been granted. Accordingly, we reverse E.I.'s adjudication for attempted tampering with physical evidence and remand for discharge.
Reversed and remanded for discharge.
FULMER and NORTHCUTT, JJ., Concur.
NOTES
[1] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).