GRIFFIN, J.
Shane Chapman [“Chapman”] appeals his judgment and sentence for possession of ammunition by a convicted felon and tampering with physical evidence. On appeal, he argues that the trial court erred by denying his motion for judgment of acquittal on the count of tampering with physical evidence. Specifically, he contends that the State failed to establish a prima facie case because the evidence was insufficient to prove the second element of the charged offense, namely that he had the intent to destroy, conceal, or remove the alleged contraband so as to impair its verity or availability.
At trial, Sergeant Donald Devlin, Supervisor for the Community Response Team with the Osceola County Sheriffs Office [“Sergeant Devlin”] testified that he came into contact with Chapman while “conducting an operation that night on River Road.” Law enforcement had received information about narcotic sales on River Road from Crime Watch and area residents, and the purpose of the operation was to identify drug dealers. Sergeant Devlin was in an unmarked patrol vehicle.
At approximately 8:00 p.m., Sergeant Devlin observed an individual, whom he later identified as Chapman, drive a white GMC truck “to the intersection near Mincy and River” and, thereafter, observed a black male make contact with Chapman through the driver’s side window of the truck. Sergeant Devlin watched the black male reach into the driver’s side window, but did not see whether any items were exchanged. The contact lasted about fifteen seconds, after which Chapman drove the truck away heading westbound on Highway 192. Sergeant Devlin noticed that a brake light was out on the truck.
Sergeant Devlin initiated a traffic stop by activating the lights of the unmarked patrol vehicle. Chapman did not pull over. Instead, Sergeant Devlin observed Chapman’s hand come out of a rolled-down window in the truck and an object bounce off the ground. Chapman then traveled *824 approximately “another half a mile” before he pulled over.
Sergeant Devlin made contact with Chapman, explained the reason for the stop, and informed him about having observed him throw something out of the truck. According to Sergeant Devlin, Chapman stated that “he had, in fact, purchased some cocaine on River, and that he had discarded it out of the car [truck] because he didn’t want to go to jail.” Later, Sergeant Devlin “went back and tried to look” for the cocaine that Chapman had thrown from the truck’s window, but was unable to recover it since “[t]he road is very busy” and “there [are] all kinds of rocks in the road and everything else.”
Contrary to Sergeant Devlin’s account, according to Chapman, he did not make contact with a black male off of River Road. Instead, as he was slowing down to make a turn onto Oregon Avenue, a law enforcement officer pulled up behind him in a patrol vehicle and turned on the vehicle’s lights. The law enforcement officer “jumped” out of the patrol vehicle, “about snatched” Chapman out of the truck “with his gun drawn,” and asked about drugs. He did not ask whether Chapman threw anything out of the truck window, and Chapman did not tell him that he threw something out of the truck window.
Chapman contends on appeal that the evidence was insufficient to prove that he had the intent to destroy, conceal, or remove the alleged contraband so as to impair its verity or availability. He asserts that while the act of throwing the alleged contraband out of the truck window amounted to abandonment, it did not amount to tampering with physical evidence because the substance was not altered and was not concealed.[1]
Section 918.13, Florida Statutes (2007), entitled “Tampering with or fabricating physical evidence,” provides in pertinent part:
(1) No person, knowing that a criminal trial or proceeding or an investigation by a duly constituted prosecuting authority, law enforcement agency, grand jury or legislative committee of this state is pending or is about to be instituted, shall:
(a) Alter, destroy, conceal, or remove any record, document, or thing with the purpose to impair its verity or availability in such proceeding or investigation;
[[Image here]]
At its core, this statute punishes the damage, destruction or concealment of physical evidence in an effort to prevent its use in a criminal case. The courts of many jurisdictions have labored to distinguish this type of offense from mere abandonment of contraband by a suspect in an effort to avoid being caught in possession of contraband or some other item of evidence. Florida courts also have engaged in this effort with results that are not entirely clear or consistent. In Boice v. State, 560 So.2d 1383, 1384-85 (Fla. 2d DCA 1990), the Second District Court of Appeal said:
We do not attempt to define the extreme boundaries of “tampering” in this case. However, we do not believe that the legislature intended the simple act of abandoning a bag of crack cocaine at the scene of an arrest, in the clear sight of a law enforcement officer, to constitute *825 the commission of this additional third-degree felony. If the defendant’s act in this case constituted tampering, then a nineteen-year-old who threw a can of beer from his car when stopped by a police officer would commit not only the second-degree misdemeanor of possession of alcoholic beverages, but also the third-degree felony of tampering with evidence. We do not believe that the legislature intended an additional felony under such circumstances.
(Footnotes omitted).
Subsequently, in State v. Jennings, 666 So.2d 131, 133 (Fla.1995), the Florida Supreme Court concluded that courts in Florida were applying overbroadly the decision in Boxee. The court concluded that swallowing an object constitutes altering, destroying, concealing, or removing a “thing” within the meaning of section 918.13, Florida Statutes. Id. In an effort to clarify the law, the high court explained:
In Munroe v. State, 629 So.2d 263, 264 (Fla. 2d DCA 1993), Jones v. State, 590 So.2d 982, 983 (Fla. 1st DCA 1991), and Thomas v. State, 581 So.2d 993, 994 (Fla. 2d DCA 1991), the courts relied on Boxee for the proposition that tossing evidence away in the presence of a law enforcement officer does not constitute tampering under section 918.13. But see Hayes v. State, 634 So.2d 1153, 1154 (Fla. 4th DCA) (affirming tampering conviction where defendant dropped bag of rock cocaine into drainage outlet while being pursued by law enforcement officer), review denied, 645 So.2d 452 (Fla.1994).
We disagree with Boice to the extent it can be read to mean that tossing evidence away in the presence of a law enforcement officer does not, as a matter of law, constitute a violation of the statute. Depending upon the circumstances, such an act could amount to tampering or concealing evidence. An affirmative act of throwing evidence away constitutes more than mere abandonment.

Id.

In State v. Harper, 800 So.2d 708 (Fla. 5th DCA 2001), the defendant had been arrested on charges of tampering with evidence based upon instructions he gave to a passenger in his vehicle to throw marijuana and a marijuana pipe out the window while a traffic stop was being conducted. The court granted the defendant’s motion to dismiss, but this Court reversed on the authority of Jennings. Id.
In Obas v. State, 935 So.2d 38, 38-39 (Fla. 4th DCA 2006), the Fourth District Court of Appeal concluded that the trial court should have granted a defendant’s motion for judgment of acquittal because the evidence was insufficient to establish that the defendant tampered with evidence where “as an officer was about to stop [the] defendant, who was on a bicycle, [the] defendant opened a container, dropped cocaine rocks on the ground, and tossed the container five feet.” It explained:
If [the] defendant had dropped or thrown the items so that they could not have been retrieved, it would be another matter, like swallowing. In this case, however, where he merely dropped the cocaine rocks and tossed the container on the ground, and both were easily found, the evidence was insufficient. Otherwise a tampering conviction could be obtained whenever a suspect merely drops drugs on the ground.
Id. at 39.
Thereafter, in Evans v. State, 997 So.2d 1281, 1282 (Fla. 4th DCA 2009), the Fourth District concluded that a trial court had erred by denying a motion for judgment of acquittal on a charge of tampering with evidence, explaining:
The only evidence presented to the jury was that the defendant either threw or dropped the cocaine rock in the sand *826 and the officers were unable to find it thereafter. Without further evidence of specific intent to tamper with or conceal the evidence, the only additional circumstance that the jury could consider is the fact that the defendant happened to be on sand at the time he threw or dropped the rock. To convict without more penalizes the defendant for the type of surface upon which he was standing at the time of his arrest. Therefore, the lack of other circumstances in this record leads to the conclusion that, even in the light most favorable to the State, the evidence is insufficient to find anything more than mere abandonment....
Id. at 1284.[2]
Here, there is evidence that, after Sergeant Devlin activated the patrol vehicle’s lights, in an effort to effect a traffic stop of Chapman, Chapman threw the alleged contraband out the truck’s window while the truck was in motion, and continued driving for approximately one-half mile before pulling over. Throwing the cocaine from the moving car was almost certain to make its recovery impossible, and it was made more certain by the failure to stop for half a mile. Chapman’s own words establish he was attempting to get rid of the cocaine. This is not a case like Obas or Evans where there was abandonment in a location proximate to law enforcement and nothing to suggest an attempt to damage, destroy or cause the evidence to be lost. This case is well within the language and intent of the statute.
AFFIRMED.
SAWAYA and LAWSON, JJ., concur.

. At trial, Chapman moved for judgment of acquittal on the ground that the evidence was insufficient to prove the first element of the charged offense, namely that he had knowledge that an investigation was about to occur. However, on appeal, he argues that the evidence was insufficient to prove the second element of the charged offense. The State does not contend that Chapman failed to preserve the argument for appeal, however. See Stephens v. State, 787 So.2d 747, 753 (Fla.2001).

. There is a cogent discussion of this issue in State v. Lasu, 278 Neb. 180, 768 N.W.2d 447, 449 (2009). Nebraska’s tampering with physical evidence statute is similar to Florida's.