SILBERMAN, Chief Judge.
Michael Reinlein appeals his judgment and sentence for tampering with physical evidence. He contends that the trial court erred by allowing into evidence testimony regarding his admissions as to criminal conduct before the State established the corpus delicti and that the trial court erred in denying his motion for judgment of acquittal. We agree and reverse.
On September 20, 2009, Officer Shone was conducting surveillance for narcotics and prostitution in the area of Dartmouth Avenue and 35th Street North in St. Pe-tersburg. Between 8:00 and 9:00 p.m., Officer Shone observed two males pacing in an alley and occasionally talking on cell phones. A white Ford Ranger drove by and around the block. The truck then pulled to the side where one of the men was waving. The man approached the truck and pointed westbound. The truck moved in that direction and then stopped. The man then looked up and down the street before approaching the truck. He made contact through the driver’s side window. After about ten seconds, the truck drove away.
Based on his experience, Officer Shone believed a narcotics transaction had occurred, but he admitted that he had not seen any hand-to-hand exchange of cash, narcotics, or anything else. He radioed other officers and related his observations and belief that a narcotics transaction had occurred. He requested surveillance on the truck so that an officer would follow the track until it could be stopped for a traffic infraction. If no traffic infraction occurred, an officer would normally wait until the vehicle reached its destination and then initiate a citizen encounter.
Reinlein stipulated that Officer Cameron stopped his truck for a traffic infraction. Officer Cameron testified the stop was made several blocks away from where Officer Shone was located. Reinlein was the only occupant in the truck. After Officer Cameron activated his overhead lights and siren, the truck made a left turn. The officer used his spotlight to illuminate the cab of the truck and he saw “the driver with his right hand make a throwing motion as he was popping something into his mouth.” He later clarified that the object “presumably” went into Reinlein’s mouth. Officer Cameron admitted that he could not see what Reinlein put into his mouth. Reinlein stopped after he made the left turn and pulled directly into a convenience store lot. He got out of the truck, and Officer Cameron placed him in custody and read him his Miranda[1] rights.
At this point the defense objected to allowing Reinlein’s admission into evidence because the State failed to establish the corpus delicti of the offense. The State responded that it showed “a prima facie instance that a crime occurred” and the fact that they never found the contraband showed that Reinlein impaired the investigation in some capacity. The prosecutor also asserted, “We don’t even know what that object was that he swallowed, but that’s the whole point of the charge, is that we don’t know and we can’t know because he ate the object.” The defense pointed out that the State was essentially alleging that the thing was crack cocaine but it could have been a mint or a Tic Tac. The trial court stated that it believed there was at least circumstantial evidence to suggest all three elements of the offense and thus *855 allowed the following testimony about Re-inlein’s admissions.
Officer Cameron testified that after being advised of his Miranda rights Reinlein agreed to speak with the officer. Reinlein stated that he drove to the area where he was spotted in order to buy crack cocaine. He bought $10 worth of crack cocaine from the man who approached him in the alley. The transaction was conducted through the driver’s side window. When he got pulled over, Reinlein placed his hand to his mouth and ingested the piece of crack cocaine that he had purchased. When Officer Cameron approached Reinlein, his mouth was moving, but the officer could not tell whether it was a chewing motion.
After the State rested its case, Reinlein moved for a judgment of acquittal which the trial court denied. Reinlein did not testify. The jury found him guilty as charged of tampering with physical evidence.
On appeal, Reinlein argues that the trial court erred in allowing the testimony concerning his admissions without sufficient proof of a corpus delicti. The State must establish an independent corpus delicti in order to offer an admission against interest into evidence. J.B. v. State, 705 So.2d 1376, 1378 (Fla.1998). The term “corpus delicti” is used to refer to “ ‘the legal elements necessary to show that a crime was committed.’ ” State v. Colorado, 890 So.2d 468, 470 (Fla. 2d DCA 2004) (quoting State v. Allen, 335 So.2d 823, 824 n. 2 (Fla.1976)). The State must prove those elements by substantial evidence and may use circumstantial evidence to do so. See Burks v. State, 613 So.2d 441, 443 (Fla.1993) (quoting Allen, 335 So.2d at 824). “‘This standard does not require the proof to be uncontradicted or overwhelming, but it must at least show the existence of each element of the crime.’ ” Id. (quoting Allen, 335 So.2d at 825). Thus, to authorize the introduction of Reinlein’s admissions, the State had to establish with substantial evidence each element of the crime of tampering with physical evidence.
Reinlein was charged with violating section 918.13(l)(a), Florida Statutes (2009), which provides as follows:
(1) No person, knowing that a criminal trial or proceeding or an investigation by a duly constituted prosecuting authority, law enforcement agency, grand jury or legislative committee of this state is pending or is about to be instituted, shall:
(a) Alter, destroy, conceal, or remove any record, document, or thing with the purpose to impair its verity or availability in such proceeding or investigation[.]
We have found no cases that specifically deal with corpus delicti in the context of section 918.13. However, courts have addressed the elements of the offense in the context of a motion to dismiss or the sufficiency of evidence. To establish a violation of the statute, “the State must prove a defendant ‘had knowledge of an impending investigation and destroyed evidence in order to impair its availability for the investigation.’ ” State v. Major, 30 So.3d 608, 609 (Fla. 4th DCA 2010) (quoting C.K. v. State, 753 So.2d 617, 618 (Fla. 4th DCA 2000)). The supreme court has determined that “swallowing an object clearly constitutes altering, destroying, concealing, or removing a ‘thing’ within the meaning of section 918.13.” State v. Jennings, 666 So.2d 131, 133 (Fla.1995).
In Jennings, a law enforcement officer saw Jennings holding what appeared to be rock cocaine. Id. at 133. The officer shouted “police” and Jennings then swallowed the alleged cocaine. Id. The officer’s observations were the only evidence that the objects Jennings swallowed were *856 cocaine rocks, but the statute did not require that the objects be contraband. Id. at 133 n. 3. Rather, Jennings could be found guilty under section 918.13 if a jury found “that Jennings knew an investigation was about to begin and destroyed objects which he knew were the focus of the impending investigation.” Id. The supreme court determined' that the trial court should not have granted Jennings’ motion to dismiss the charge. Id. at 134.
Here, the State failed to establish with substantial evidence; apart from Reinleiris admissions, the elements of tampering with physical evidence. Even if the State’s evidence can be viewed as showing that Reinlein knew of an impending investigation when Officer Cameron activated his overhead lights and siren to stop Rein-leiris truck, the State did not present substantial evidence, independent of Reinleiris admissions, that Reinlein destroyed a thing in order to impair its availability for investigation. Notably, Reinlein was stopped for a traffic infraction away from the location where he was observed by Officer Shone. And the State did not present independent proof that Reinlein had knowledge that what he put into his mouth was the focus of an investigation. While Officer Shone believed that Reinlein, as the driver of the white truck, had engaged in a narcotics transaction with the man in the alley, the officer admitted that he saw no hand-to-hand transaction, drugs, or money. Officer Cameron testified that after he activated his lights and siren, he saw Reinlein pop an object in his mouth. But he did not know the color or size of the object and could not identify it. No residue or paraphernalia were found in a search of Reinleiris person or vehicle.
Under the circumstances, the State could not prove that Reinlein destroyed a thing in order to impair its availability for investigation without Reinleiris admission that what he swallowed was cocaine. Without that admission, the State had no evidence that Reinlein ingested something that he knew was the focus of any investigation. As defense counsel argued at trial, if Reinlein popped a mint or Tic Tac in his mouth, he would not have been impairing an investigation. In the context of this case, some further evidence was necessary to show that Reinlein knew that what he had put into his mouth was the focus of an investigation in order to establish the corpus delicti. Under the facts presented, the State’s evidence is simply not strong enough to show that Reinlein destroyed a thing in order to impair its availability for investigation. Therefore, the trial court should not have allowed Reinleiris admissions into evidence.
Without Reinleiris admissions, the State failed to present evidence of tampering with physical evidence to withstand the defense motion for judgment of acquittal. Therefore, we reverse Reinleiris judgment and sentence for tampering with physical evidence and remand for discharge on this offense.[2] See Esler v. State, 915 So.2d 637, 640 (Fla. 2d DCA 2005) (reversing and remanding for discharge as to DUI with serious bodily injury based on the State’s failure to prove the corpus delicti before the admission of a confession into evidence).
Reversed and remanded.
NORTHCUTT and LaROSE, JJ., Concur.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

. In light of our disposition of this case, we do not address an issue Reinlein raised in his supplemental brief regarding the constitutionality of section 893.13, Florida Statutes (2009).