DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**ANTHONY COSTANZO,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D13-3344

[December 3, 2014]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Michael A. Robinson, Judge; L.T. Case No. 12-007314CF10A.

Rhea P. Grossman of Rhea P. Grossman, P.A., Fort Lauderdale, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Angela E. Noble, Assistant Attorney General, West Palm Beach, for appellee.

GROSS, J.

Appellant was a detective at the Broward Sheriff's Office. Following a jury trial, he was acquitted of two charges and convicted of evidence tampering. We reverse the tampering conviction because the State failed to establish a violation of section 918.13, Florida Statutes (2013).

The evidence tampering charge arose from appellant's deletion of a video from his work cellular phone. On January 20, 2012, a suspect in a case made statements about an unrelated criminal case where the defendants were two other officers, Koepke and Dodge, friends of appellant. Appellant made a video of these statements with his phone. He then texted the video to Koepke, showed the video to his supervisor, and used his work e-mail account to send the video to the general counsel for the Police Benevolent Association. Ten days later, appellant's cell phone was seized by an investigator with the State Attorney's Office. The January 20 video could not be located on appellant's phone and an expert concluded that the video had been deleted.

The January 20 video was ultimately recovered from two locations— Koepke's Sprint/Nextel account and the e-mail servers at the Broward Sheriff's Office. Both versions of the video were played for the jury.

Both at the conclusion of the State's case and after the defense rested, appellant moved for a judgment of acquittal on the evidence tampering count. After the jury verdict, he filed post-trial motions directed at the evidence tampering conviction.

Section 918.13, Florida Statutes (2013), provides in pertinent part:

> (1) No person, knowing that a criminal trial or proceeding or an investigation by a duly constituted prosecuting authority, law enforcement agency, grand jury or legislative committee of this state is pending or is about to be instituted, shall:
>
> > (a) Alter, destroy, conceal, or remove any record, document, or thing with the purpose to impair its verity or availability in such proceeding or investigation . . . .

To establish a violation of the statute, "the State must prove a defendant 'had knowledge of an impending investigation and destroyed evidence in order to impair its availability for the investigation.'" *State v. Major,* 30 So. 3d 608, 609 (Fla. 4th DCA 2010) (quoting *C.K. v. State,* 753 So. 2d 617, 618 (Fla. 4th DCA 2000)). Appellant admitted he was "buddies" with Koepke, so he knew that there was a pending investigation into the matter; that was why he recorded the conversation in the first place. There is thus no issue with the "knowledge" element of the crime. Appellant takes issue with the second element—that he intentionally deleted the video from his phone with the purpose to impair its availability for the investigation.

We have held that a defendant's equivocal conduct toward evidence is insufficient to demonstrate the intent necessary for a section 918.13 violation; merely discarding evidence from one's person, without more, does not amount to a violation of the statute. "[T]he offense of tampering is committed only when the defendant takes some action that is designed to actually alter or destroy the evidence rather than just removing it from his or her person." *E.I. v. State*, 25 So. 3d 625, 627 (Fla. 2d DCA 2009).

In *Obas v. State,* 935 So. 2d 38, 38 (Fla. 4th DCA 2006), for example, the defendant emptied a pill container of crack cocaine rocks as police approached. He tossed the container five feet away after police ordered him to stop. *Id.* This Court reversed the defendant's conviction for tampering with evidence, stating:

> We are unable, on these facts, to accept the state's argument that defendant violated the statute. If defendant had dropped or thrown the items so that they could not have been retrieved, it would be another matter, like swallowing. In this case, however, where he merely dropped the cocaine rocks and tossed the container on the ground, and both were easily found, the evidence was insufficient. Otherwise a tampering conviction could be obtained whenever a suspect merely drops drugs on the ground.

*Id.* at 39.

Similarly, in *Evans v. State,* 997 So. 2d 1281 (Fla. 4th DCA 2009), we held that the trial court erred in denying a motion for judgment of acquittal on a charge of tampering with evidence where the defendant threw a crack cocaine rock onto sandy ground as officers approached for a stop. We held that the fact the officers were unable to find the drugs due to the nature of the surface of the ground did not demonstrate the necessary specific intent to tamper with or conceal the evidence. *Id.* at 1284.

Such equivocal conduct differs from that conduct that completely destroys potential evidence, such as swallowing an object. *See State v. Jennings*, 666 So. 2d 131, 133 (Fla. 1995); *McKenzie v. State*, 632 So. 2d 276, 277 (Fla. 4th DCA 1994) (holding that "swallowing a substance" demonstrates the necessary intent to amount to a violation of section 918.13, just like "flushing it down a toilet").

In this case, after appellant recorded the video on his cell phone, he showed it to his supervisor, texted it to Koepke, and e-mailed it to an attorney for the Police Benevolent Association. As we know from videos that have gone viral, texting or e-mailing a video is the antithesis of trying to destroy it. In fact, with the assistance of technology, the video was recovered from two separate locations. There was insufficient evidence of appellant's intent to violate the tampering statute. In addition, there was insufficient evidence that the video was "destroy[ed]" within the meaning of the statute; the statute does not criminalize deleting evidence existing in the memory of a particular electronic device, particularly where such evidence resides elsewhere in the electronic ether. The trial court's denial of appellant's motion for judgment of acquittal was therefore erroneous.

We reverse the conviction and remand to the circuit court with direction to grant the motion for judgment of acquittal.

DAMOORGIAN, C.J., and MAY, J., concur.

*     *     *

*Not final until disposition of timely filed motion for rehearing.*