DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JAMES HATAWAY,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D13-4622

[July 22, 2015]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Martin County; William L. Roby, Judge; L.T. Case No. 12000970CFBXMX.

Carey Haughwout, Public Defender, and Ian Seldin, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Allen R. Geesey, Assistant Attorney General, West Palm Beach, for appellee.

GERBER, J.

The defendant appeals his conviction for tampering with evidence. He primarily argues that the trial court erred in denying his motion for judgment of acquittal on that charge. We agree with the defendant's argument and reverse his conviction on that charge.

Our standard of review is set forth in *Pagan v. State*, 830 So. 2d 792 (Fla. 2002): "In reviewing a motion for judgment of acquittal, a de novo standard of review applies. . . . If, after viewing the evidence in the light most favorable to the State, a rational trier of fact could find the existence of the elements of the crime beyond a reasonable doubt, sufficient evidence exists to sustain a conviction." *Id.* at 803 (citations omitted).

According to the defendant, after viewing the evidence in the light most favorable to the State, a rational trier of fact could not find beyond a reasonable doubt the existence of the elements of tampering with evidence as provided in section 918.13(1)(a), Florida Statutes (2012). That section states, in pertinent part:

(1) No person, knowing that . . . an investigation by a duly constituted . . . law enforcement agency . . . is about to be instituted, shall:

(a) Alter, destroy, conceal, or remove any . . . thing with the purpose to impair its verity or availability in such . . . investigation[.]

We agree with the defendant's argument. Even if the defendant knew that a law enforcement investigation was about to be instituted when he tossed away the evidence at issue, the record does not show that he altered, destroyed, concealed or removed the evidence with the purpose to impair its verity or availability in such investigation.

Initially, we recognize that "tossing evidence away in the presence of a law enforcement officer does not, as a matter of law, constitute a violation of the statute. Depending upon the circumstances, such an act could amount to tampering or concealing evidence." *State v. Jennings,* 666 So. 2d 131, 133 (Fla. 1995). "Each [tampering] case, accordingly, must be decided on its facts." *Obas v. State,* 935 So. 2d 38, 39 (Fla. 4th DCA 2006).

On this case's facts, however, the record does not indicate any intent on the defendant's part to alter or destroy the evidence rather than just removing it from his person. Instead, the evidence which the defendant tossed onto the side of a private road, during daylight hours, in view of law enforcement, was found easily. Thus, the record was insufficient to result in the defendant's tampering conviction. *See Costanzo v. State*, 152 So. 3d 737, 738 (Fla. 4th DCA 2014) ("[T]he offense of tampering is committed only when the defendant takes some action that is designed to actually alter or destroy the evidence rather than just removing it from his or her person.") (citation omitted); *Obas,* 935 So. 2d at 39 ("If defendant had dropped or thrown the items so that they could not have been retrieved, it would be another matter, like swallowing. In this case, however, where he merely dropped the cocaine rocks and tossed the container on the ground, and both were easily found, the evidence was insufficient.").

The defendant also appeals from the trial court's denial of his motion to correct sentencing error as to other charges for which he was sentenced. We affirm without further discussion the trial court's denial of the motion.

2

*Affirmed in part, reversed in part.*

DAMOORGIAN, J., and HAIMES, DAVID A., Associate Judge, concur.

*       *       *

***Not final until disposition of timely filed motion for rehearing.***