The summaries of the Colorado Court of Appeals published opinions constitute no part of the opinion of the division but have been prepared by the division for the convenience of the reader. The summaries may not be cited or relied upon as they are not the official language of the division. Any discrepancy between the language in the summary and in the opinion should be resolved in favor of the language in the opinion.

SUMMARY
January 24, 2019

**2019COA14**

**No. 18CA1506, *People v. Rieger* — Criminal Law — Review of Judgments — Appeals by the Prosecution; Crimes — Tampering with Physical Evidence**

In this prosecutorial appeal from an order of dismissal entered after preliminary hearing, a division of the court of appeals holds that an electronically stored photograph qualifies as "physical evidence" for purposes of section 18-8-610, C.R.S. 2018, the tampering with physical evidence statute. In resolving the appeal, the division also determined that a duplicate of an electronically stored photograph was "physical evidence" and that the evidence presented at the preliminary hearing was sufficient to establish probable cause to believe that the defendant committed the crime of solicitation to commit tampering with physical evidence.

COLORADO COURT OF APPEALS                                    2019COA14

Court of Appeals No. 18CA1506
Mesa County District Court No. 18CR298
Honorable Brian J. Flynn, Judge

The People of the State of Colorado,

Plaintiff-Appellant,

v.

Justin Walter Rieger,

Defendant-Appellee.

ORDER REVERSED AND CASE
REMANDED WITH DIRECTIONS

Division II
Opinion by JUDGE DAILEY
Ashby and Vogt*, JJ., concur

Announced January 24, 2019

Daniel P. Rubinstein, District Attorney, George Alan Holley, II, Senior Deputy
District Attorney, Grand Junction, Colorado, for Plaintiff-Appellant

Megan A. Ring, Colorado State Public Defender, Jessica Sommer, Deputy State
Public Defender, Denver, Colorado, for Defendant-Appellee

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art.
VI, § 5(3), and § 24-51-1105, C.R.S. 2018.

¶ 1     Pursuant to section 16-12-102(1), C.R.S. 2018, the People appeal the district court's order dismissing, after a preliminary hearing, the case charging the defendant, Justin Walter Rieger, with solicitation to commit tampering with physical evidence.  We reverse and remand with directions.

## I.     Background

¶ 2     Rieger had been charged in a separate case with numerous offenses committed in connection with an alleged assault on his girlfriend.  While in jail, Rieger corresponded with the girlfriend through Telmate, an electronic messaging system that allows detainees to communicate with people outside the jail.

¶ 3     Through Telmate, the girlfriend forwarded to Rieger a picture of bruises on her arms that he had allegedly caused during the assault.  Two days after she uploaded the picture on Telmate, Rieger asked her to "take that [picture] off, because it . . . can incriminate me."  The girlfriend removed the picture from the Telmate account.

¶ 4　　A District Attorney's investigator who was reviewing Rieger's Telmate account had seen the picture[1] and Rieger's correspondence with the girlfriend.

¶ 5　　The prosecution charged Rieger in this separate case with solicitation to commit tampering with physical evidence. After a preliminary hearing, the district court dismissed the case because

> the definition of physical evidence . . . doesn't apply to this electronic record; and so that — that's the basis for me finding that there is not probable cause for that because I find it's not physical evidence under . . . [section] 18-8-610.

## II.　Analysis

¶ 6　　The People contend that the district court improperly dismissed the case. We agree.

¶ 7　　Because we review a trial court's probable cause ruling at a preliminary hearing for an abuse of discretion, *People v. Hall*, 999 P.2d 207, 221 (Colo. 2000), we will not overturn such a ruling absent a showing that it is either manifestly arbitrary,

---

[1] According to the investigator, the bruising shown in the picture appeared worse than that depicted in the evidence gathered in the assault case. The investigator explained, though, that this was consistent with the nature of bruising "as bruising develops over time."

unreasonable, or unfair, *People v. Castro*, 854 P.2d 1262, 1265 (Colo. 1993), or based on an erroneous view of the law, *People v. Moore*, 226 P.3d 1076, 1081 (Colo. App. 2009).

¶ 8    Here, the trial court dismissed the case based on its interpretation of section 18-8-610, C.R.S. 2018.  The court's interpretation of the statute presents a question of law that we review de novo.  *People v. Johnson*, 2015 CO 70, ¶ 9.

¶ 9    In interpreting a statute, our task is to ascertain and give effect to the intent of the General Assembly.  *Dubois v. People*, 211 P.3d 41, 43 (Colo. 2009).  "To discern the legislative intent, we look first to the language of the statute itself, reading words and phrases in context and construing them according to rules of grammar and common usage."  *People v. Butler*, 2017 COA 117, ¶ 24 (citation omitted).  "Words and phrases that have acquired a technical or particular meaning, whether by legislative definition or otherwise, shall be construed accordingly."  § 2-4-101, C.R.S. 2018.

¶ 10    When the statutory language is clear and unambiguous, "we apply the words as written without resort to other rules of statutory interpretation."  *People v. Shores*, 2016 COA 129, ¶ 16 (citing *People v. Van De Weghe*, 2012 COA 204, ¶ 8).  But "[w]hen the language of

a statute is susceptible of more than one reasonable understanding and is therefore considered ambiguous," *People v. Jones*, 2015 CO 20, ¶ 10, "a court must look beyond the language [of the statute] and consider other factors, such as the statute's legislative history and the objective sought to be achieved by the legislation," *People v. Lovato*, 2014 COA 113, ¶ 23.

¶ 11     Pursuant to section 18-8-610(1)(a), "[a] person commits tampering with physical evidence if, believing that an official proceeding is pending or about to be instituted and acting without legal right or authority, he . . . [d]estroys, mutilates, conceals, removes, or alters *physical evidence* with intent to impair its verity or availability in the pending or prospective official proceeding[.]" (Emphasis added.)  "'Physical evidence', as used in this section, includes any article, object, document, record, or other thing of physical substance[.]"  § 18-8-610(2).[2]

¶ 12     The People contend that the trial court erred in interpreting the definition of "physical evidence" to exclude electronic documents

---

[2] "Physical evidence" does not, however, "include a human body, part of a human body, or human remains subject to a violation of section 18-8-610.5."  § 18-8-610(2), C.R.S. 2018.

such as the photograph the girlfriend uploaded to the Telmate system. They argue that under the "last antecedent rule,"[3] the phrase "of physical substance" modifies only the last noun (i.e., "other thing") and not the previous ones (i.e., "any article, object, document, record"). Rieger, on the other hand, argues that, even if the "last antecedent rule" applies, an exception to the rule also applies — an exception that would tie the phrase "of physical substance" as much to the words "article," "object," "document," and "record," as it is tied to the phrase "other thing."[4]

¶ 13    We do not, however, apply either of the parties' proffered rules of statutory construction because it is otherwise clear to us that electronically stored documents or information falls within the

---

[3] Under the last antecedent rule — which was legislatively repudiated in 1981 after the tampering statute had been enacted — there is a "presumption that referential and qualifying words and phrases refer solely to the last antecedent clause immediately preceding them." *People v. O'Neal*, 228 P.3d 211, 214 (Colo. App. 2009).

[4] The "exception" to which Rieger refers is this: "When a referential or qualifying clause follows several words or phrases and is applicable as much to the first word or phrase as to the others in the list, . . . the clause should be applied to all of the words or phrases that preceded it." *Estate of David v. Snelson*, 776 P.2d 813, 818 (Colo. 1989).

ambit of the phrase "physical evidence." *See, e.g., Holliday v. Bestop, Inc.*, 23 P.3d 700, 706 n.5 (Colo. 2001) ("Because the language of the statute is unambiguous on this point, we do not resort to interpretive rules of statutory construction and thus do not address the parties' arguments regarding the effect of various rules of statutory construction, such as the 'last antecedent rule'. . . .").[5]

¶ 14    In this regard, we note that the definition of "physical evidence" is phrased not in terms of "physical evidence means" but, rather, in terms of "physical evidence includes."  "The word 'includes' is generally used as a term of extension or enlargement when used in a statutory definition." *Freedom Newspapers, Inc. v.*

---

[5] We need not, then, independently determine the precise meaning of the term "physical substance"; whether the phrase "any. . . record" can be read independently of the phrase "physical substance"; and, if so, whether an electronically stored photograph qualifies as a "record" encompassed within the definition of "physical evidence." *Cf. Henson v. State*, 723 S.E.2d 456, 459 (Ga. Ct. App. 2012) ("[T]he ordinary signification of 'record' is '[a]n account of some fact or event preserved in writing *or other permanent form . . .*' or 'any thing . . . serving to indicate or *give evidence of, or preserve the memory of,* a fact or event.'"  And given that a picture certainly preserves or gives evidence of a fact or event — in many instances as efficiently as a thousand words — Henson's claim that the term "electronic records" does not encompass pictures or photographs lacks merit.").

*Tollefson,* 961 P.2d 1150, 1154 (Colo. App. 1998). It "denotes that the examples listed are not exhaustive or exclusive," *Preston v. Dupont,* 35 P.3d 433, 439 (Colo. 2001), but only illustrative, *People v. Patton,* 2016 COA 187, ¶¶ 14-16; *see* Bryan A. Garner, *Garner's Dictionary of Legal Usage* 439 (3d ed. 2011) ("[I]ncluding . . . should not be used to introduce an exhaustive list, for it implies that the list is only partial[;] . . . 'the use of the word *including* indicates that the specified list . . . is illustrative, not exhaustive.'").

¶ 15     The phrase "physical evidence" has an established meaning in law, representing the form in which evidence is presented to a fact-finder. As noted in one commentary:

> There are generally two types of evidence: the words or testimony of the witnesses, and physical evidence. Most broadly viewed, the second type of evidence is anything that conveys a firsthand impression to [factfinders]. It includes weapons, writings, photographs, and charts.

U.S. Dep't of Army, Pamphlet No. 27-22, Military Criminal Law Evidence, § 11-1 (July 15, 1987), 1987 WL 61783; *see* 23 C.J.S. *Criminal Procedure and Rights of the Accused* § 1148 ("[P]hysical evidence is evidence addressed directly to the senses of the court or jury without the intervention of the testimony of witnesses, as

7

where various things are exhibited in open court, or an object which relates to or explains the issues or forms a part of a transaction."). At least one state court has applied this meaning to the phrase "physical evidence" in deciding an issue under a statute similar to ours prohibiting tampering with physical evidence. *See State v. Peplow*, 2001 MT 253, ¶ 22 (equating "physical evidence" with "a 'thing presented to the senses'").

¶ 16    Other jurisdictions recognize that photographs are a form of "physical evidence." *See, e.g.*, *Medina v. Williams*, 565 F. App'x 644, 646 (9th Cir. 2014) (photographs of bruises and cuts inflicted in assault); *People v. Elizalde*, 351 P.3d 1010, 1016 (Cal. 2015) ("Examples of 'real or physical evidence' include fingerprints, photographs, handwriting exemplars, blood samples . . . ."); *England v. State*, 940 So. 2d 389, 395 (Fla. 2006) (autopsy photographs); *State v. Beynon*, 484 N.W.2d 898, 907 (S.D. 1992) (photographs of injuries inflicted in assault).

¶ 17    CRE 1001(2) defines "photographs" as "includ[ing] still photographs, X-ray films, and motion pictures." In *State v. William M.*, 692 S.E.2d 299, 304 (W. Va. 2010), the West Virginia Supreme Court held that "digital images are 'photographs' under Rule

1001(2) of the *West Virginia Rules of Evidence*," a rule identical to Colorado's. In reaching its conclusion, the court noted that there was "no requirement under our rule that an image must be stored on photographic film or paper to be considered a photograph." *Id.*; *see* 7 Daniel D. Blinka, *Wisconsin Practice Series: Wisconsin Evidence* § 1001.3, Westlaw (4th ed. database updated Aug. 2018) ("Nothing is excluded from the definition [of 'photographs' in Wisconsin Statute section 910.01(2) (West 2018)]; it comfortably reaches electronic images captured by Smartphones and other digital technology.").

¶ 18     Further, courts have upheld the admissibility of digital photographs based on the same or similar type of foundation required for admitting traditional photographs. *See, e.g.*, *Owens v. State*, 214 S.W.3d 849, 421 (Ark. 2005); *People v. Goldsmith*, 326 P.3d 239, 248-49 (Cal. 2014); *State v. Marquardt*, 2017 WI App 34, ¶ 22, 899 N.W.2d 737.

¶ 19     Because (1) we find persuasive the authorities treating, for evidentiary purposes, digital images as "photographs"; and (2) "photographs" fall within well-accepted notions of "physical evidence," we conclude that electronically stored, digital images like

the one deleted here qualify as "physical evidence" for purposes of the tampering with physical evidence statute.

¶ 20    To reach any other conclusion would, in our view, lead to an absurd result. The intent of the General Assembly in enacting the tampering statute is clear: to punish attempts to subvert the administration of justice. *See People v. Atencio*, 140 P.3d 73, 77 (Colo. App. 2005) ("[I]t is evident from the language of [section 18-8-610] that the General Assembly intended to criminalize behavior that interferes with an official proceeding . . . ."); *cf. People v. Yascavage*, 101 P.3d 1090, 1092 (Colo. 2004) (The purpose of the witness tampering statute "was to punish any attempt to induce another to testify falsely or otherwise to subvert the administration of justice.").

¶ 21    In today's society, vast amounts of documents, files, photographs, and records are stored electronically. Allowing individuals to conceal, remove, or alter digitally stored information about a crime would run contrary to the intent of the statute to protect the administration of justice.

¶ 22    Consequently, we conclude that the trial court erred in dismissing the case on the ground that electronically stored images

do not qualify as "physical evidence." That conclusion does not, however, end our analysis.

¶ 23    "[O]n appeal a party may defend the judgment of the trial court on any ground supported by the record, regardless of whether that ground was relied upon or even contemplated by the trial court." *People v. Quintana*, 882 P.2d 1366, 1371 (Colo. 1994). In this regard, Rieger contends that even if an electronically stored photograph falls with the meaning of physical evidence, this court should still affirm the district court's order dismissing the case because

- an electronic duplicate of an image uploaded to Telmate does not constitute "physical evidence," and

- "the removal of this image from that communications system does not evince a specific intent to make the image unavailable at trial."

¶ 24    Rieger bases the first argument, factually, on the investigator's testimony that he believed that the original photograph was taken by the girlfriend with her cell phone and that only "a copy" of the picture was uploaded to Telmate. Rieger bases the legal component of this argument not on the definition of "physical evidence," but on

an interpretation of that term in light of the actus reus (i.e., "[d]estroys, mutilates, conceals, removes or alters physical evidence," § 18-8-610(1)(a)) and mens rea (i.e., to impair the "verity or availability" of the item "in the pending or prospective official proceeding," *id.*) elements of the crime. Thus, he argues,

> the definition of physical evidence is limited to evidence, which, when destroyed, mutilated, concealed, removed or altered would impair that item's verity or availability. Therefore, this definition does not encompass an electronic duplicate uploaded to a particular platform. Because the uploaded file is a copy, and not the original, any tampering with it could not affect the verity or availability of the original photograph – any changes to the duplicate would simply not affect the underlying data file, which is the actual evidence in the case. Thus, this type of evidence is not "physical evidence" within the meaning of the tampering with physical evidence statute.

¶ 25    The problem with this argument is its premise, i.e., that without satisfying the other elements of the crime, there can be no "physical evidence." A proper analysis, though, produces this result: without satisfying the other (actus reus and mens rea) elements of the crime, there is no crime.

¶ 26　　We perceive no reason why a duplicate of a photograph cannot constitute "physical evidence" for purposes of the tampering statute.  Eliminating a copy of a photograph that could have been used at trial impairs the availability of the photograph, even if other copies exist.

¶ 27　　The significant issue is the intent with which a person acts with respect to "physical evidence," copy or otherwise.  As recognized by the drafters of a provision in the Model Penal Code similar to ours, the "limiting factor" of the offense

> is the requirement of specific intent.  The statute punishes any kind of tampering with any document or thing, but only if the defendant acts 'with purpose to impair its verity or availability' in an official proceeding . . . .  This designation of specific purpose identifies the ultimate evil as obstruction of justice rather than destruction of property and restricts the scope of the offense to persons who consciously intend to accomplish the forbidden harm. . . .  [The statute] therefore applies only when the conduct is undertaken with purpose to impair verity or availability of a record in a proceeding . . . .

*Model Penal Code and Commentaries* § 241.7 cmt. 3, at 180 (Am. Law Inst. 1980).

¶ 28    We now turn to Rieger's second argument, that is, whether the desired removal of a duplicate image from the Telmate communications system evinces a specific intent to make the image unavailable at trial.

¶ 29    At the outset, we acknowledge that there are some circumstances in which the removal of one of several identical items may not tend to prove a specific intent to make evidence unavailable for use in an official proceeding.  Take, for instance, the circumstances in *Costanzo v. State*, 152 So. 3d 737 (Fla. Dist. Ct. App. 2014).  In *Costanzo*, the defendant, a police officer, made a video on his cell phone of statements from a suspect about a criminal case where the defendants were two other police officers and friends of the defendant.  *Id.* at 738.  He then showed the video to his supervisor, texted it to one of the defendants, and used his work email to send it to an attorney for the Police Benevolent Association.  *Id.*  He then deleted the video from his cell phone.  *Id.* A jury convicted him of tampering with physical evidence.

¶ 30    On appeal, the Florida District Court of Appeal reversed the defendant's conviction, reasoning as follows:

> [A] defendant's equivocal conduct toward evidence is insufficient to demonstrate the intent necessary for a section 918.13 violation . . . .
>
> . . . .
>
> Such equivocal conduct differs from that conduct that completely destroys potential evidence, such as swallowing an object.
>
> . . . .
>
> In this case, after appellant recorded the video on his cell phone, he showed it to his supervisor, texted it to [his friend], and e-mailed it to an attorney for the Police Benevolent Association. As we know from videos that have gone viral, texting or e-mailing a video is the antithesis of trying to destroy it. In fact, with the assistance of technology, the video was recovered from two separate locations. There was insufficient evidence of appellant's intent to violate the tampering statute. In addition, there was insufficient evidence that the video was "destroy[ed]" within the meaning of the statute; the statute does not criminalize deleting evidence existing in the memory of a particular electronic device, particularly where such evidence resides elsewhere in the electronic ether. The trial court's denial of appellant's motion for judgment of acquittal was therefore erroneous.

*Id.* at 738-39.[6]

---

[6] Notably, perhaps, the court did not decide the case based on whether the video constituted "physical evidence."

15

¶ 31    In *Costanzo*, the defendant created the video, distributed it to others, and then deleted the video he had created on his cellphone. Under these circumstances (i.e., without any further insight into the defendant's state of mind), it would be counterintuitive to find that, in deleting the video from his phone, the defendant intended to impair the discovery or use of the video, or that he "destroyed" it, making it unavailable for trial.

¶ 32    The present case is readily distinguishable from *Costanzo*. In this case, there was no evidence of a number of duplicates of which Rieger was shown to be aware, much less shown to have distributed to others. Although Rieger never said anything to the girlfriend about destroying or concealing any "original" of the photo, he asked that the photograph on Telmate be removed because it could "incriminate [him]."

¶ 33    Most importantly, in contrast to *Costanzo*, here we are reviewing the sufficiency of the evidence not in relation to a conviction after trial but in relation to a probable cause determination after preliminary hearing.

¶ 34    "[P]robable cause is a low standard." *People v. Fry*, 92 P.3d 970, 976-77 (Colo. 2004). The prosecution is not required to

16

produce evidence establishing beyond a reasonable doubt that the defendant committed the crime or even the likelihood that the defendant committed the crime; instead, it need only present evidence sufficient to induce a person of ordinary prudence and caution to entertain a reasonable belief that the defendant committed the crime. *Hall*, 999 P.2d at 221.

¶ 35 In determining whether the prosecution has met its burden at a preliminary hearing, the trial court must view the evidence as a whole and draw all reasonable inferences in the light most favorable to the prosecution. *People v. Keene*, 226 P.3d 1140, 1144 (Colo. App. 2009).

¶ 36 Rieger's statement that he wanted the picture removed from the Telmate account because it "incriminate[d]" him is some evidence that he intended to make that picture unavailable for use by the prosecution. That he did not ask the girlfriend further to delete the original picture does not, in our view, undermine that intent as a matter of law. Unlike in *Costanzo*, Rieger had no reason to believe that the authorities knew or had reason to know of the picture on Telmate or any other place; it could reasonably be inferred from his statement that Rieger meant to have the picture

17

removed from the account before the authorities learned of its existence — in which case they would have had no reason to suspect that another such picture existed anywhere.

¶ 37    In our view, the evidence was sufficient to induce a person of ordinary prudence and caution to entertain a reasonable belief that Rieger intended to deprive the prosecution of the ability to use that picture. Because probable cause supported the charge of solicitation to commit tampering with physical evidence, the case should not have been dismissed.

### III.    Disposition

¶ 38    The district court's order of dismissal is reversed, and the matter is remanded with directions to reinstate the case and for further proceedings with respect thereto.

JUDGE ASHBY and JUDGE VOGT concur.

18